UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ALLEN PULLEN,

        Plaintiff,

v.                                  Case No. 3:18-cv-1274-J-39MCR

T.A. BROWN, et al.,

        Defendants.
_____

## **ORDER**

Plaintiff Allen Pullen, an inmate incarcerated at Florida State Prison (FSP), initiated this action on October 31, 2018, by filing a civil rights complaint (Doc. 1; Complaint). He also filed a "Memorandum to Motion for Preliminary Injunction and Restraining Order" (Doc. 2; Memorandum), with a supporting declaration (Doc. 3; Memorandum Dec.).[1] Plaintiff's Memorandum does not comply with the Local Rules of this Court. See Rule 4.05, Local Rules of the United States District Court for the Middle District of Florida (requiring a party moving for the issuance of a temporary restraining order or a preliminary injunction to address, among other things, the likelihood of success on the merits and "the irreparable nature of the threatened injury").

In his Memorandum, Plaintiff merely reasserts the facts alleged in his Complaint and cites legal authority in support of the claims he raises: deliberate indifference, excessive force, retaliation, and property deprivation. It appears that Plaintiff filed the

_____

[1] Plaintiff also filed a motion for leave to proceed in forma pauperis (Doc. 4), and a motion to waive the copy requirement (Doc. 6). Those motions will be addressed by separate order.

Memorandum to expedite the Court's review of the relief he seeks: an order directing the cessation of abuse and food deprivation; transfer to a mental health program; post-sexual assault evaluation and treatment; a criminal investigation of the use-of-force incident; a diabetic diet; and reimbursement for lost personal property. See Memorandum at 8, 9. For example, Plaintiff asserts in his Memorandum that "[c]ivil lawsuits can take years to be decided and the Plaintiff would be prejudiced greatly by time limitations on future petitions as well as the petitions he currently has pending before the courts." Id. While not clear, it appears that the "prejudice" Plaintiff references relates to the alleged confiscation of his personal property. He says that "[h]e needs his legal books and trial transcripts replaced immediately to continue to litigate his cases."[2] Id.

Plaintiff's claims, and the facts asserted in his Memorandum, relate to an instance of alleged physical and sexual abuse that occurred on about September 16, 2018. See Complaint at 9; Memorandum at 3-4. He alleges that officers came to his cell after he was charged with aggravated battery on an officer. After Plaintiff voluntarily submitted to handcuffs, including a black box, "multiple officers ambushed [him] from behind and physically and sexually battered [him]." See Memorandum at 4; see also Complaint at 9. Plaintiff alleges that he spent five days in the prison infirmary. He asserts, however, that he "has received no evaluation or treatment for post sexual assault," nor has he been evaluated by a psychiatrist. Id. at 5. Plaintiff does not explain the nature of the sexual assault, though he implies he was raped, asserting the Defendants violated the "Prison Rape Elimination Act of 2003." See id. at 6; Complaint at 7. Plaintiff states that he has

---

[2] Plaintiff has at least one other civil rights case pending in federal court. See Case No. 6:16-cv-723-ORL-KRS.

been threatened with physical and sexual violence, including death, since the incident on September 16th. See Memorandum Dec. ¶¶ 5, 7.

To the extent Plaintiff seeks entry of a preliminary injunction that would result in his transfer to a mental health program or would mandate an investigation into his allegations of physical and sexual abuse, see Memorandum at 9, this Court may not grant such relief. See, e.g., McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). See also Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

Moreover, the Court finds that injunctive relief is not warranted. Plaintiff has failed to carry his burden of persuasion as to the four elements required for entry of a preliminary injunction. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Indeed,

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018), cert. denied, --- S. Ct. ---, 2018 WL 3241787 (Oct. 1, 2018). Plaintiff offers no analysis of the

above elements as required to demonstrate that the "extraordinary and drastic remedy" of injunctive relief is warranted. See Browning, 572 F.3d at 1217. He has not shown a "substantial likelihood of success on the merits." In fact, the grievance documents Plaintiff provides in support of his Complaint (Doc. 1-2; Grievance) belie his claim that his requests for mental health treatment have been ignored. According to a grievance response dated July 20, 2018, Plaintiff refused "Case Management" and "Group" on six separate occasions. See Grievance at 4. Accordingly, Plaintiff's request for injunctive relief will be denied. In an abundance of caution, however, considering Plaintiff's assertions about recent threats, the Clerk will be directed to provide a copy of the Complaint (Doc. 1), the Memorandum (Doc. 2), the Declaration (Doc. 3), and this Order to the Warden of FSP for whatever action the Warden deems appropriate.

Therefore, it is now

**ORDERED:**

1.    Plaintiff's motion for injunctive relief (Doc. 1) is **DENIED**.

2.    The **Clerk** is directed to provide a copy of the Complaint (Doc. 1), the Memorandum (Doc. 2), the Declaration (Doc. 3), and this Order to the Warden of FSP for whatever action the Warden deems appropriate.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of November, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:    Allen Pullen, #M37913