UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLEN PULLEN,

    Plaintiff,

v.    Case No. 3:18-cv-1274-J-39MCR

T.A. BROWN, et al.,

    Defendants.
_____

# ORDER

## I. Status

Plaintiff Allen Pullen, an inmate of the Florida penal system, initiated this action on October 31, 2018, by filing a civil rights complaint (Doc. 1; Complaint). Plaintiff is proceeding in forma pauperis (Doc. 11). Defendants have not yet been served with the Complaint, but the Court has directed service of process. See Order (Doc. 32). Before the Court are four motions for preliminary injunction (Docs. 27, 28, 34, 39) and one motion for reconsideration (Doc. 33; Motion for Reconsideration).

## II. Background

In his Complaint, Plaintiff asserts claims of excessive force (including sexual assault), retaliation, and failure to provide medical care. See Complaint at 7-8. He also claims he was denied due process with respect to disciplinary charges brought against him for aggravated battery on an officer. Id. at 8-9. Plaintiff's allegations stem from an incident that occurred on September 16, 2018. On that day, officers came to his cell to take him for a mental health evaluation. Id. at 9. After Plaintiff voluntarily submitted to handcuffs, including a black box, "multiple officers ambushed [him] from behind, beat him

extensively, and sexually battered [him] . . . until [he] was unconscious." Id. Following the incident, Plaintiff spent five days in the prison infirmary. Id. However, Plaintiff asserts, he did not receive a post sexual assault evaluation or treatment. Plaintiff asserts that six Defendants have retaliated against him following the incident, and officers have threatened him against reporting the sexual assault. Id. at 7, 10.

### III. Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's January 9, 2019 Order (Doc. 26; January Order) in which the Court denied Plaintiff's "motion requesting compensation for property that was lost or stolen while in the care of prison officials." Motion for Reconsideration at 1, 2. Plaintiff's sole basis upon which he seeks reconsideration of the January Order is that he has since "been able to interview witnesses" about what happened to his personal property after he was removed from his cell on the day of the assault. Id. at 1. He provides the declarations of two inmates (Doc. 36; Branch Declaration) (Doc. 37; Beamon Declaration), each of whom declares under penalty of perjury that officers left Plaintiff's personal property in his cell for about five days following the assault, and officers placed another inmate in the cell (with Plaintiff's property) on the third day.[1] The declarants do not provide any detail about what happened to Plaintiff's personal property other than to say that the new inmate "gave the Plaintiff's property to another officer." Branch Declaration at 2; see also Beamon Declaration at 2.

---

[1] Plaintiff alleges he remained in the infirmary for five days after he was attacked. See Complaint at 10.

2

Under Federal Rules of Civil Procedure 59(e) and 60(b),[2] a court has discretion to reconsider an order it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). However, motions for reconsideration should be sparingly granted and considered with caution. See United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003), aff'd, 419 F.3d 1208 (11th Cir. 2005) ("When evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'"). A party moving for reconsideration of an order must demonstrate "newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). See also Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). The purpose of a motion for reconsideration is not to ask the Court to "reexamine an unfavorable ruling." Jacobs, 626 F.3d at 1344. A party may not use a motion for reconsideration as a means "to relitigate old matters, raise argument or present evidence that could have been raised" previously. Michael Linet, Inc., 408 F.3d at 763.

---

[2] Rule 59(e) applies when a party asks the court to alter or amend the judgment, while Rule 60(b) applies when a party seeks relief from a judgment or order. The courts apply the same standard whether a motion for reconsideration is brought under Rule 59(e) or Rule 60(b). See, e.g., Succullo v. United States, No. 8:16-CV-410-T-36TBM, 2017 WL 6383984, at *2 (M.D. Fla. Oct. 3, 2017). See also Church of Our Savior v. City of Jacksonville Beach, 108 F. Supp. 3d 1259, 1265 (M.D. Fla. 2015) (recognizing that courts analyze "similar factors" when ruling on a pre-judgment motion for reconsideration as those considered when ruling on a motion filed under Rule 59(e) or 60(b)).

The Court has carefully reviewed Plaintiff's Motion for Reconsideration and determined that it lacks merit. Plaintiff does not identify an intervening change in controlling law, new evidence, or the need to correct a clear error to prevent manifest injustice. See Jacobs, 626 F.3d at 1344. Rather, Plaintiff seeks to relitigate old matters and introduce new evidence he failed to present previously. Plaintiff now supplements his original request for injunctive relief by providing inmate declarations; however, those declarations do not constitute "newly-discovered evidence" within the meaning of Rule 60(b)(2), and Plaintiff does not state why he could not have provided the evidence earlier. Even if the inmate declarations constituted "newly-discovered evidence," they do not demonstrate Plaintiff's likelihood of success on the merits or that he is suffering irreparable injury. The inmates do not state that Plaintiff's property was stolen or destroyed through any intentional conduct by Defendants. In fact, they merely declare that Plaintiff's personal property was left in his cell for up to five days, and during part of that time, another inmate was assigned to the cell and then relinquished the property to an unknown officer. To the extent Plaintiff believes his property was stolen or lost as a result of Defendants' conduct, he offers only speculation. Accordingly, Plaintiff's Motion for Reconsideration is due to be denied.

### IV. Motions for Preliminary Injunction

Plaintiff has filed four motions for preliminary injunction. His first two motions address his claim that he was denied due process with respect to disciplinary charges that resulted in his placement in disciplinary confinement (Doc. 27; First Motion) (Doc. 28; Second Motion). Plaintiff asserts that he was denied due process because he was not permitted to attend the disciplinary hearing or present witnesses. See First Motion at 9-

10; Second Motion at 5. He also states that the charges violate the double jeopardy clause because he was found guilty on multiple charges stemming from one event. See First Motion at 10; Second Motion at 6-7. As relief, Plaintiff seeks release from disciplinary confinement, reversal of the charges, return of his lost gain-time credits, and return of his property. See First Motion at 1, 8; Second Motion at 1.

In his third motion for preliminary injunction (Doc. 34; Third Motion), Plaintiff seeks an order "to ensure that he receives proper medical care" for his broken nose. See Third Motion at 1; see also Doc. 35 (Third Motion Declaration) at 2-3. Plaintiff asserts one of the Defendants punched him in the nose during the assault on September 16, 2018. Third Motion Declaration at 1. As a result, he suffered a fractured septum, which he claims the prison nurse told him would not be treated. Id. Plaintiff states that he suffers "pain and bleeding from [his] nose, as well as difficulty breathing." Id.

Finally, in his fourth motion for preliminary injunction (Doc. 39; Fourth Motion), Plaintiff seeks an order to "ensure that he receives a proper medically necessary diet." Fourth Motion at 1. According to Plaintiff, he is an insulin-dependent diabetic on a doctor-prescribed diet entitling him to keep a sandwich in his cell as a snack between meals to regulate his blood sugar. Id.; see also Doc. 38 (Fourth Motion Declaration) at 1. Plaintiff asserts the kitchen workers have not been wrapping his sandwiches, which causes them to become "infested with bugs" and inedible. Missing the snack causes his blood sugar to spike. See Fourth Motion at 1-2; Fourth Motion Declaration at 2.

The decision to grant a preliminary injunction is vested in the "sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "A preliminary injunction is an 'extraordinary and drastic remedy,'" which will not be granted unless the

movant carries his burden of persuasion. See Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018), cert. denied, --- S. Ct. ---, 2018 WL 3241787 (Oct. 1, 2018).

> To receive a preliminary injunction, the plaintiff must clearly establish the following requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."

Id. at 1287 (quoting Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002)). To carry his burden of persuasion, a movant must show "the threatened injury . . . [is] actual and imminent.'" Bruce v. Reese, 431 F. App'x 805, 807 (11th Cir. 2011). Importantly, a request for injunctive relief is properly denied when the movant seeks relief with respect to claims outside those raised in the operative complaint. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). See also Bruce, 431 F. App'x at 806 n.1.

With respect to Plaintiff's First and Second Motions, Plaintiff offers no evidence to show that he is likely to succeed on the merits of his due process claim. In fact, the grievance responses and disciplinary report Plaintiff provides in support of his motions demonstrate the contrary (Doc. 27-1; Attachments). The disciplinary report reflects that Plaintiff was found guilty on seven charges, he refused to appear at the hearing, and he did not complete the evidence disposition form, waiving his right to call witnesses. See Attachments at 7. A grievance response dated October 4, 2018, confirms that he failed to complete and sign required forms and refused to attend the hearing. Id. at 5. Plaintiff disputes these findings, saying that he submitted the required forms requesting to be present at the disciplinary hearing and to offer witnesses, but those forms were destroyed.

However, he offers no proof to support these self-serving allegations. Accordingly, his first two motions are due to be denied.

With respect to Plaintiff's Third and Fourth Motions, Plaintiff is not entitled to injunctive relief because his injured nose and medical diet concern matters "lying wholly outside the issues in the suit." See Kaimowitz, 122 F.3d at 43. In his Complaint, Plaintiff seeks relief for injuries to his "head, arms, legs, anus, and rectum" following an alleged assault that occurred on September 16, 2018, while he was housed at Florida State Prison (FSP). Complaint at 10. Plaintiff says nothing in his Complaint about an injury to his nose, a refusal by Defendants to provide treatment for such an injury, or that Defendants' conduct resulted in a constructive denial of his diabetic snack. See id. Plaintiff is not entitled to injunctive relief as to claims that are outside those raised in his Complaint. See Kaimowitz, 122 F.3d at 43.

Moreover, the Court notes that Plaintiff was transferred from FSP to Santa Rosa Correctional Institution (SRCI) on about January 10, 2019, see Notice of Change of Address (Doc. 31), and Plaintiff does not state whether the alleged conduct occurred at FSP or at SRCI. To the extent the alleged denial of medical care or interference with a prescribed diet occurred at SRCI, those actions are attributable to individuals who are not Defendants in this case. To the extent the conduct occurred at FSP, his claims for injunctive relief are now moot. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding a prisoner's claims for injunctive relief based on the conditions of his confinement became moot when he was transferred). Finally, Plaintiff does not provide any indication that he has grieved these issues to permit prison officials an opportunity to

7

investigate and remedy the alleged violations without the need for judicial intervention. Accordingly, Plaintiff's Third and Fourth Motions are due to be denied.

The Court warns Plaintiff that his multiple requests for injunctive relief to remedy general complaints about corrections employees are coming close to an abuse of the judicial process, and future filings that have no merit may be stricken.[3] Plaintiff has been advised that the Court may not entertain and resolve his various complaints about prison life simply because he filed this civil rights action. See Order (Doc. 26) at 15. Nor can Plaintiff short-circuit the litigation process by improperly presenting his claims as those that warrant the extraordinary and drastic remedy of injunctive relief. To the extent Plaintiff seeks judicial resolution of claims properly pending before this Court, he must allow the litigation process to run its course. The Court has directed service of process on Defendants. When they are served, they will respond to the Complaint, and, if and when appropriate, the parties will engage in discovery. The Court is unable to hasten the relief Plaintiff seeks absent extraordinary circumstances, which Plaintiff fails to demonstrate.

The Court reminds Plaintiff that new constitutional violations against different individuals must be raised in a new civil rights action by filing a new complaint after exhausting his administrative remedies.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (Doc. 27) is **DENIED**.

2. Plaintiff's Motion for Preliminary Injunction (Doc. 28) is **DENIED**.

3. Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 33) is **DENIED**.

---

[3] Since filing his Complaint, Plaintiff has filed ten motions for injunctive relief. See Docket.

4. Plaintiff's Motion for Preliminary Injunction (Doc. 34) is **DENIED**.

5. Plaintiff's Motion for Preliminary Injunction (Doc. 39) is **DENIED**.

6. The **Clerk** is directed to send Plaintiff a civil rights complaint form. To the extent Plaintiff wishes to pursue new claims, he should initiate a new action by filing a new civil rights complaint, using the provided form.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of January, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Allen Pullen, #M37913