UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLEN PULLEN,

        Plaintiff,

v.                              Case No. 3:18-cv-1274-J-39MCR

T.A. BROWN, et al.,

        Defendants.
_____

## **ORDER**

### **I. Status**

Plaintiff, Allen Pullen, a former inmate of the Florida Department of Corrections (FDOC),[1] is proceeding on a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. 1; Compl.) against ten defendants including Centurion Healthcare and Dr. Espino. Before the Court are Centurion's motion to dismiss (Doc. 60; Centurion Motion) and Dr. Espino's motion to dismiss (Doc. 63; Espino Motion).[2] Plaintiff has responded to both motions (Doc. 69; Pl. Resp.). Accordingly, the motions are ripe for this Court's review.

---

[1] Plaintiff was released on February 19, 2020. See FDOC website, "Offender Information Search," available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited February 26, 2020).

[2] The other served Defendants filed Answers (Docs. 52, 57).

## II. Motion Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, the complaint allegations must be construed in the light most favorable to the plaintiff. Gill as Next Friend of K.C.R. v. Judd, 941 F.3d 504, 511 (11th Cir. 2019). When a plaintiff proceeds pro se, the court must liberally construe the allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680.

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. As such, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Gill, 941 F.3d at 511 (quoting Iqbal, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff must allege

"enough facts to state a claim to relief that is plausible on its face." Id.

### III. Complaint Allegations

Plaintiff's primary claim relates to an alleged assault by corrections officers in September 2018, at Florida State Prison. Plaintiff alleges twelve officers came to his cell to take him for a mental health evaluation. Compl. at 9. Plaintiff says, after he voluntarily submitted to handcuffs, including a black box, "multiple officers ambushed [him] from behind, beat him extensively, and sexually battered [him] . . . until [he] was unconscious." Id. Plaintiff asserts that before he was taken for a medical examination, officers required him to shower to destroy evidence of the alleged sexual assault. Id. at 9-10. Plaintiff spent five days in the prison infirmary. Id. at 10. However, Plaintiff contends, he did not receive a post sexual assault evaluation or treatment. Id.

In part V of his complaint ("Statement of Claim"), Plaintiff asserts "Defendants Espino and Centura [sic] Healthcare deprived the Plaintiff Pullen mental care, post sexual assault, and treatment by ignoring the Plaintiff's sick call, request, and basic medical needs while housed in the prison infirmary." Id. at 7. Plaintiff also contends Dr. Espino (and corrections officers) threatened him with physical violence in retaliation for exercising his First Amendment right to use the prison grievance system. Id.

3

As relief, Plaintiff seeks compensatory and punitive damages, litigation costs, and injunctive relief. Id. at 12.³

**IV. Defendants' Motions & Plaintiff's Response**

Defendant Centurion seeks dismissal for the following reasons: (1) Plaintiff is a three-strikes litigant under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915; (2) Plaintiff failed to exhaust his administrative remedies; (3) Plaintiff fails to state a claim; and (4) any request for monetary damages is barred by the Eleventh Amendment. See Centurion Motion at 1.

Dr. Espino, who is represented by the same attorney as Centurion, asserts the same defenses but also invokes qualified immunity. See Espino Motion at 1.

Plaintiff counters as follows: (1) the three-strikes provision does not bar his claim because the dismissals upon which Defendants' attorney relies were entered after he filed his complaint in this case; (2) he properly exhausted his claims; (3) he states a claim under the Eighth Amendment because his requests for medical treatment were ignored or denied. See Pl. Resp. at 2-4.

**V. Analysis & Conclusions**

A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S.

---

³ Plaintiff also seeks reimbursement for lost or stolen property. See Compl. at 12. He asserts he lost 90% of his property following the sexual assault. Id. at 11. It is unclear whether he attributes this allegation to any of the named Defendants.

4

97, 104 (1976). To state a claim for deliberate indifference, a plaintiff must allege the following:

> (1) subjective knowledge of a risk of serious harm; and (2) disregard of that risk (3) by conduct that is more than mere negligence. Subjective knowledge of the risk requires that the defendant be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fla., 871 F.3d 1272, 1280 (11th Cir. 2017) (internal citations omitted).

"Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (1st Cir. 1981)) (alteration in original). As such, allegations of medical negligence are not cognizable under § 1983. Estelle, 429 U.S. at 106. Instead, to allege an Eighth Amendment violation, a prisoner must assert facts showing the care he received was "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Alleging a "simple difference in medical opinion" does not state a deliberate indifference claim. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 2007).

5

Construing Plaintiff's allegations liberally, as this Court must do, the Court finds Plaintiff fails to state an Eighth Amendment deliberate indifference claim. Assuming Plaintiff had a serious medical need at the relevant time, Plaintiff received medical care after the alleged assault. In fact, Plaintiff alleges he spent five days in the prison infirmary. Compl. at 10. To the extent Plaintiff believes he should have received more care than what was provided in the infirmary, he alleges a mere difference in medical opinion or suggests medical providers were negligent, neither of which rises to the level of a constitutional violation. See Hamm, 774 F.2d at 1575; Waldrop, 871 F.2d at 1033.[4]

Plaintiff's bald assertion that Centurion and Dr. Espino "deprived [him] mental care . . . and treatment" is a mere conclusion unsupported by factual allegations. As such, it amounts to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. Iqbal, 556 U.S. at 678. See also Tani v. Shelby Cty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations").

---

[4] In a declaration Plaintiff provides as an exhibit to his complaint (Doc. 1-7), he even characterizes his claim as one of "mental health negligence."

The only factual allegation against the healthcare defendants is directed to Dr. Espino and relates to Plaintiff's grievance efforts. Plaintiff simply alleges Dr. Espino ignored Plaintiff's request for mental health treatment and denied his grievance. Compl. at 7.[5] Accepting these allegations as true, Plaintiff does not state a cognizable claim under § 1983. Failing to respond to or denying a grievance or complaint does not, in and of itself, make an individual liable for an alleged constitutional violation. See Jones v. Eckloff, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.")).

In sum, Plaintiff asserts no facts permitting a reasonable inference that Dr. Espino "acted with a state of mind that constituted deliberate indifference," Richardson v. Johnson, 598

---

[5] In the grievance response, which Plaintiff provides with his complaint (Doc. 1-3; Pl. Ex. B), Dr. Espino stated, "[y]ou were not ignored. The request was forwarded to security with an Incident Report and Disciplinary Report written for spoken threats." See Pl. Ex. B at 2.

7

F.3d 734, 737 (11th Cir. 2010), or that the treatment Plaintiff received was "so grossly incompetent, inadequate, or excessive as to shock the conscience," Harris, 941 F.2d 1495. Even if Dr. Espino had treated Plaintiff in the infirmary, Plaintiff does not allege Dr. Espino knew Plaintiff had been sexually assaulted, and with such knowledge, deliberately denied Plaintiff necessary medical treatment. Indeed, Plaintiff alleges officers required him to shower before they took him to the medical unit "to ensure there [was] no evidence" of a sexual assault. Compl. at 10.

To the extent Plaintiff sues Dr. Espino in his role as "acting medical supervisor," see Pl. Resp. at 1, and sues Centurion because it is a medical company under contract with the FDOC to provide medical care for inmates, he fails to state a claim under § 1983. Supervisory officials, including private corporations like Centurion, cannot be held liable under § 1983 on the basis of supervisory liability in the absence of allegations identifying a policy or custom that was the moving force behind a constitutional violation. See Ross v. Corizon Med. Servs., 700 F. App'x 914, 917 (11th Cir. 2017) (citing Craig v. Floyd Cty., 643 F.3d 1306, 1310 (11th Cir. 2011)). See also Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious

8

liability."). Plaintiff fails to identify an official policy or custom Dr. Espino or Centurion adopted that resulted in a constitutional violation.[6]

Because Plaintiff fails to state a claim for relief against Defendants Centurion and Dr. Espino under the Eighth Amendment, Plaintiff's claims against these Defendants are subject to dismissal.[7] Generally, a pro se plaintiff should be provided an opportunity to amend his complaint "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, if an amendment would be futile, the court may dismiss the case with prejudice. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)

---

[6] In his response, Plaintiff states, "placing mentally ill inmates in pun[i]tive segregation constitutes cruel and unusual punishment." See Pl. Resp. at 4, 5. Plaintiff alleges no facts in his complaint directed to Defendants Centurion or Dr. Espino suggesting he was punished because of his mental illness. See Compl. at 9-11.

[7] Plaintiff also alleges Dr. Espino retaliated against him for exercising his right to seek redress through the prison grievance system. See Compl. at 7. Dr. Espino does not address this allegation in his motion. However, under the PLRA, the Court may sua sponte assess whether a complaint fails to state a claim for relief. See 28 U.S.C. § 1915(e)(2)(B). The Court concludes Plaintiff's assertion that Dr. Espino retaliated against him is merely a conclusion not supported by factual allegations. Twombly, 550 U.S. at 570. Accordingly, Plaintiff fails to state a First Amendment claim against Dr. Espino.

("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

Relying on documents Plaintiff filed in support of his complaint (Docs. 1-1 through 1-7), Defendants contend Plaintiff did not exhaust his administrative remedies before he filed this action. See Centurion Motion at 9; Espino Motion at 9. If Plaintiff failed to exhaust his administrative remedies, then permitting him to amend his claims against Centurion and Dr. Espino would be futile.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones v. Bock, 549 U.S. 199, 211 (2007). When confronted with an exhaustion defense, courts employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those

10

> findings, defendants have shown a failure to exhaust.

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015) (internal citations omitted).

The FDOC provides an internal grievance procedure as set forth in the Florida Administrative Code. See Fla. Admin. Code r. 33-103.001 through 33-103.018. Generally, to properly exhaust administrative remedies, a prisoner must complete a three-step process (informal grievance, formal grievance, and appeal). See Dimanche v. Brown, 783 F.3d 1204, 1211 (11th Cir. 2015). However, an inmate may bypass the informal-grievance-step and proceed directly to the formal-grievance-step when grieving a medical issue. See Fla. Admin. Code r. 33-103.005(1).

Under the Florida Administrative Code, unless an inmate agrees to an extension, an appeal sent to the Secretary's office "[s]hall be responded to within 30 calendar days from the date of the receipt of the grievance." See Fla. Admin. Code r. 33-103.011(3)(c). Absent an agreed-upon extension, if an inmate does not receive a response within 30 days, the rule provides, "he shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies." Id. 33-103.011(4).

Plaintiff filed a formal grievance for medical care on September 25, 2018, bypassing the informal-grievance step. Pl. Ex. B at 3. In his grievance, Plaintiff said he requested mental health treatment two days before because he was having homicidal thoughts, but Dr. Espino "completely ignored [him]." Id. Dr. Espino responded

11

on October 10, 2018, denying Plaintiff's grievance. Id. at 2. Dr. Espino told Plaintiff his request was not ignored but was "forwarded to security." Id.

Plaintiff appealed to the Secretary of the FDOC (Doc. 1-1). Plaintiff does not provide a copy of the appeal. However, in both an appendix to his exhibits (Doc. 1-1) and in a declaration (Doc. 1-7), Plaintiff says he filed the appeal with the Secretary's office on October 12, 2018. He mailed his complaint for filing fourteen days later, on October 26, 2018. Taking as true Plaintiff filed an appeal on October 12, 2018, he did not exhaust his administrative remedies because he did not receive a response to his appeal or wait the 30-day response time before filing his complaint.

In his response, Plaintiff defends his exhaustion efforts, saying "[n]o where does any rule state a response must be received to exhaust." Pl. Resp. at 3. Contrary to Plaintiff's understanding, the Florida Administrative Code requires that an inmate receive a response (or wait the response time) at each step of the grievance process before proceeding to the next step, including pursuing judicial remedies:

> [E]xpiration of a time limit at any step in the process shall entitle the complainant to proceed to the next step of the grievance process. . . . If the inmate does not agree to an extension of time at the central office level of review, he shall be entitled to proceed with judicial remedies.

12

See Fla. Admin. Code Ann. r. 33-103.011(4). Moreover, the Supreme Court has held that "the PLRA . . . requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion" requires a prisoner to grieve his issues in compliance with the agency's procedural rules so the agency has a "full and fair opportunity" to address a prisoner's issues on the merits. Id. at 90.

Filing a complaint before waiting for a response to a grievance appeal deprives the agency of a "full and fair opportunity" to address a prisoner's issues on the merits. Id. at 90. See also Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (recognizing an inmate fails to properly exhaust his administrative remedies when he initiates his lawsuit before receiving a response or waiting for the response time to expire). Because Plaintiff admittedly filed his complaint before either receiving a response to his formal grievance or before the 30-day response time expired, he did not properly exhaust his administrative remedies as to any potential medical claims. See Whatley, 802 F.3d at 1209.

Accordingly, it is now

**ORDERED:**

1. Defendant Centurion of Florida, LLC's Motion to Dismiss (Doc. 60) is **GRANTED**.

2. Defendant Dr. Espino's Motion to Dismiss (Doc. 63) is **GRANTED**.

3. Plaintiff's claims against Defendants Centurion and Dr. Espino are **dismissed with prejudice**. The **Clerk** is directed to terminate these Defendants from this action.

4. Recognizing the other served Defendants have answered Plaintiff's Complaint (Docs. 52, 57), the parties may engage in discovery. The Court will set deadlines by separate Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of March, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Allen Pullen
　　Counsel of Record

14