UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLEN PULLEN,

        Plaintiff,

v.                                  Case No. 3:18-cv-1274-J-39MCR

T.A. BROWN, et al.,

        Defendants.

_____

**ORDER**

**I.  Status**

Plaintiff, Allen Pullen, is proceeding on a pro se civil rights complaint (Doc. 1; Compl.) against seven officers for an incident that occurred in September 2018 at Florida State Prison.[1] Plaintiff claims the officers "ambushed [him] from behind, beat him extensively, and sexually battered [him]," all while he was fully shackled. See Compl. at 9.

Plaintiff was released from prison in February 2020. See Notice of Change of Address (Doc. 94). Shortly thereafter, the Court set deadlines for the parties to conduct discovery and for other pretrial matters. See Order (Doc. 96). The discovery period was to close on June 5, 2020. Id. On May 27, 2020, Defendants filed

---

[1] The two medical Defendants have been dismissed. See Order (Doc. 95).

a motion to dismiss the action with prejudice for Plaintiff's "abuse of process" related to the parties' exchange of discovery (Doc. 107; Motion).

In support of their motion, Defendants provide an email chain between defense counsel and Plaintiff (Doc. 107-3; Def. Ex. C) in which Plaintiff threatened to stab people (possibly including defense counsel's mother) if defense counsel did not agree to waive the cost for copies of documents counsel arranged to make available for Plaintiff's inspection. See Def. Ex. C at 1.

The email exchange took place between May 19, 2020, and May 26, 2020. On May 19, 2020, counsel emailed Plaintiff a notice of deposition and advised Plaintiff he could review documents responsive to his request for production the same day, June 3, 2020. Id. at 2. Plaintiff confirmed his receipt of the information. Id. When counsel sent Plaintiff the notice of production of documents on May 21, 2020, by email (Doc. 107-1), Plaintiff responded, "I guess you can cancel everything because I'm not paying .15 per page for anything. and [sic] since your [sic] not cooperating with my request, I'm not going to cooperate with yours. You'll learn after a while, trust me, [the Department of Corrections] did[.]" Id.

Counsel responded to Plaintiff's email, reiterating that Plaintiff would incur a charge for any copies he wanted after reviewing the disclosed documents. Id. at 1. Counsel clarified

2

that Plaintiff would not be charged for the document review itself, however. Id. Plaintiff replied in two separate emails, which he sent within minutes of each other. In the first one, Plaintiff told counsel to consider the "appointment" canceled until counsel "learn[s] to listen." Id. Plaintiff told counsel, "[P]roceed with orders I give, because you really have no other choice, but to run to the judge . . . ." Id. The second email, which came six minutes later, reads as follows:

> [I'm] the guy who stabbed 5 officers in my last 12 months of incarceration. [I'm] the guy who got emergency transferred 3 [times] in my last 90 days. [W]anna play with someone, I suggest you find someone else to play with, because as of right now, Osceola medical center, [D]r. Snyder refuse to rx [sic] me with the psyc [sic] meds I demand. and [sic] if I don't get them, [I'm] going to stab someone else. have [sic] a wonderful day. I hope its [sic] not your mother.

Id.

Plaintiff sent one more email to counsel four days later, on Tuesday, May 26, 2020. Plaintiff wrote that he had "just stabbed [his] first victim, and it felt so good." Id. Plaintiff said, "I told you that your [sic] going to waive the $.15 per page cost you charge people for production either voluntarily or by force." Id. He concluded by threatening, "[I]f the cost for production is not waived by this Friday, I'm going to stab 2 more." Id. Plaintiff

also demanded that counsel contact his doctor to arrange for him to receive mental health medications.[2] Id.

## II.  Motion & Response

While the above email communications occurred in connection with discovery, Defendants do not rely upon Rule 37 as the source of the relief they seek. Rather, they ask the Court to dismiss the case with prejudice under its inherent power to impose sanctions against a party. They cite two cases: Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221 (11th Cir. 2011); Soto v. Miami-Dade Cty., 281 F. Supp. 3d 1320 (S.D. Fla. 2017), aff'd, 760 F. App'x 855 (11th Cir. 2019). See Motion at 3-4.

In Redmon, the Eleventh Circuit affirmed the district court's dismissal of a case under the Prison Litigation Reform Act because, in his civil rights complaint form, the pro se prisoner-plaintiff lied about his litigation history. 414 F. App'x at 223, 224, 225-26. The court held the district court did not abuse its discretion in dismissing the case without prejudice after finding the plaintiff's omission was intentional and, thus, an abuse of the judicial process. Id. at 225-26.

---

[2] After receiving this last email, defense counsel contacted Plaintiff's probation officer, who in turn arrested Plaintiff and contacted the State Attorney's Office in Osceola County (Doc. 107-4). Plaintiff is currently detained at the Orange County Jail. See Orange County Incarcerations, Inmate Search, available at http://apps.ocfl.net/bailbond/default.asp (last visited October 15, 2020).

4

In Soto, the district court dismissed with prejudice the pro se plaintiff's case for her "flagrant noncompliance with nearly every Court order." 281 F. Supp. 3d at 1321, 1323. The court held numerous hearings and issued multiple orders admonishing the plaintiff that she must comply with orders and diligently prosecute her case. Id. at 1323. Additionally, the court found its attempts to impose lesser sanctions proved unsuccessful. Id. at 1323-24.

Plaintiff's conduct does not constitute a fraud upon the Court, as did the plaintiff's conduct in Redmon. Nor has Plaintiff repeatedly and flagrantly disobeyed Court orders, as did the plaintiff in Soto. However, Plaintiff's reaction to defense counsel's routine notice of production of documents is reprehensible and disturbing. Thus, the Court directed Plaintiff to respond to the motion to dismiss and to show cause why sanctions other than dismissal should not be imposed against him. See Order (Doc. 108).

Plaintiff responded in a four-page document in which he primarily complains that he has been without insulin since his release from prison (Doc. 113; Pl. Resp.).³ First, Plaintiff attempts to justify his criminal conduct by blaming others. See Pl. Resp. at 1. Plaintiff explains that since the incident that sparked this lawsuit, his requests for mental health treatment

---

³ The filing contains no certificate of service showing Plaintiff sent a copy to Defendants. See Pl. Resp. at 4.

5

have been ignored, resulting in him stabbing officers. Id. at 1-2. He claims no criminal charges were pursued after he stabbed officers in prison because prison officials "did nothing to intervene" when he claimed he was a threat to himself and others. Id.

Plaintiff also explains that he was released from prison with no insulin for his diabetic condition, and, in May 2020, he sent "numerous" emails to the state attorney's office warning that he was a threat to himself and others. Id. at 2. He says the "state official did nothing to intervene," and Plaintiff then sent an email to defense counsel saying he stabbed a civilian.[4] Id. When Plaintiff was arrested, his blood sugar exceeded 700. Id.

Plaintiff asserts Defendants' motion should be denied because they violated his constitutional rights "and continue to do so." Id. at 3. It is unclear how Defendants continue to violate Plaintiff's constitutional rights given Plaintiff is no longer in their custody; however, it appears he blames Defendants for having released him from prison without medication and for his declining physical condition since his release. He says his "abuse of process" was caused by Defendants because he was "released . . . with no insulin." Id.

---

[4] It is unclear whether Plaintiff actually stabbed someone or said that to intimidate defense counsel into meeting his demands. Whether Plaintiff carried out his expressed threat, his comments to defense counsel are uncivil and unacceptable.

6

In his response, Plaintiff also takes the opportunity to complain about the conditions of his confinement at Orange County Jail. Id. at 3-4. He says he is not allowed access to common areas, including the law library because of the pandemic, and the lack of access is "inhibiting [him] from effectively litigating his case."[5] Id. at 4. Plaintiff also requests the Court appoint him counsel. Id.

### III. Analysis

As Defendants correctly assert, "Courts have the inherent power to police those appearing before them." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223, 1225 (11th Cir. 2017) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)). However, such power should be exercised with "restraint and discretion." Id. A court's "inherent power extends to a full range of litigation abuses," not just those that occur in court. Chambers, 501 U.S. at 44, 46. Thus, a court may sanction a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45-46.

Before imposing sanctions against a party, a court must afford the offending party an opportunity to respond either orally or in writing, and to "justify his actions." Thomas v. Tenneco Packaging

---

[5] Any complaints about Plaintiff's current conditions of confinement should be directed to jail administrators through the jail grievance process or addressed in a separate civil rights action.

7

Co., 293 F.3d 1306 (11th Cir. 2002) (quoting Glatter v. Mroz (In re Mroz), 65 F.3d 1567 (11th Cir. 1995)). After affording the offending party an opportunity to justify his actions, a district court should, before imposing sanctions, consider the offending party's subjective intent and make a finding that the offending party acted in "bad faith." Purchasing Power, 851 F.3d at 1223, 1224. A court may find a party acted with bad faith, for example, if the party's conduct delayed or disrupted the litigation. Byrne v. Nezhat, 261 F.3d 1075, 1121 (11th Cir. 2001) abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).

Under its inherent power, a district court may "fashion an appropriate sanction for conduct [that] abuses the judicial process," including assessing attorney's fees or dismissing the action. Chambers, 501 U.S. at 44. While outright dismissal of an action is a severe sanction, a court may do so when alternative sanctions will not appropriately address the conduct. Id. at 45.

District court have exercised their inherent powers to sanction parties who have employed bad faith litigation tactics, including harassment and intimidation of opposing parties, their counsel, or witnesses. See, e.g., Carroll v. Jaques, 926 F. Supp. 1282, 1289, 1292 (E.D. Tex. 1996) (imposing a fine against the defendant for his abusive behavior toward opposing counsel at his deposition, including making verbal attacks, using profanities,

8

and threatening physical violence); Jaroch v. Fla. Fruit Juices, Inc., No. 17 C 8518, 2020 WL 1288933, at *8 (N.D. Ill. Mar. 18, 2020) (assessing attorney's fees against a party who intimidated the opposing party's witness); Porton v. SP One, Ltd., No. 8:14-CV-2847-T-17EAJ, 2015 U.S. Dist. LEXIS 48256, at *8, 11, 15-16 (M.D. Fla. Mar. 19, 2015), report and recommendation adopted, 2015 U.S. Dist. LEXIS 48259 (recommending dismissal with prejudice because over two years, the plaintiff threatened and intimidated the defendants and their employees, demonstrating the plaintiff filed the lawsuit only to harass, not to vindicate his rights); Fodor v. E. Shipbuilding Grp., No. 5:12cv28/RS/CJK, 2013 U.S. Dist. LEXIS 196076, at *5, 7-8 (N.D. Fla. Dec. 19, 2013) (admonishing the plaintiff for threatening defense counsel with criminal charges "to gain leverage in [the] litigation," and imposing a minimum fine of $250 for each subsequent threat).

District courts generally should not dismiss an action with prejudice unless lesser sanctions will not suffice and absent evidence that the offending party committed a fraud on the court or engaged in a pattern of abusive behavior. See Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337–38 (11th Cir. 2005) ("[A] dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically

finds that lesser sanctions would not suffice." (emphasis in original)). See also Soto, 281 F. Supp. 3d at 1321, 1323; Parcher v. Gee, No. 8:09-CV-857-T-23TGW, 2016 WL 7446630, at *8-11 (M.D. Fla. Oct. 19, 2016), report and recommendation adopted, No. 8:09-CV-857-T-23TGW, 2016 WL 7440922 (M.D. Fla. Dec. 27, 2016) (finding dismissal with prejudice was warranted where the plaintiff fabricated an incident report to bolster his claim in a civil rights case, and he engaged in other acts of "deceit" in an attempt to influence the outcome of the case).

The Court has carefully and thoroughly considered Plaintiff's emails, his response to Defendants' motion, and relevant law. Plaintiff appears to blame his conduct on his medical condition, saying his blood sugar exceeded 700 when he was arrested. See Pl. Resp. at 2. Under the circumstances, however, the Court concludes Plaintiff's medical condition does not excuse his conduct. Plaintiff attempted to extort from defense counsel medications and free copies of documents by threatening physical harm to others, including defense counsel's own mother. It is difficult to fathom a circumstance under which such conduct would not constitute bad faith.

Plaintiff's last two emails to defense counsel suggest he is pursuing this litigation as a means to coerce those associated with the Florida Department of Corrections to ensure he receives continued medical care even though he is no longer in State

10

custody: he demanded that defense counsel contact his doctor and obtain medications for him or he would stab someone, specifically mentioning counsel's mother. Not only is Plaintiff's conduct inappropriate as a litigation tactic, but it is criminal.

Additionally, Plaintiff expresses no regret or remorse for his conduct. He does not apologize to the Court or defense counsel, nor does he concede his behavior was unacceptable, even now that, according to him, he has received "numerous emergency medications to restore him to sanity." See id. Indeed, Plaintiff seems to believe his conduct was justified because, at the time, he was insulin-deprived, and Defendants would not assist him in getting the medications he needed. Finally, Plaintiff's conduct certainly has delayed and disrupted the litigation. Such behavior cannot be condoned or ignored.

After careful consideration, the Court finds Plaintiff "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." See Campbell, 501 U.S. at 45-46. As such, sanctions must be imposed against him. Dismissal of the action with prejudice is not warranted. While Plaintiff's conduct certainly was uncivil and disrespectful both to defense counsel and the judicial process, Plaintiff has not engaged in such conduct previously, and he has not perpetrated a fraud upon the Court. Cf., e.g., Parcher, 2016 WL 7446630, at *8-11.

However, given Plaintiff is proceeding in this case as a pauper, see Order (Doc. 11), and is currently detained in county jail, assessing attorney's fees or imposing a fine likely will have little to no impact. Thus, the Court finds the appropriate sanction to address Plaintiff's serious conduct is dismissal of the action without prejudice. As an additional sanction, if Plaintiff chooses to re-file his claims against Defendants, he is precluded from proceeding in forma pauperis but rather must pay the full filing fee up front. Imposing any lesser sanction would not serve to deter Plaintiff and other litigants from engaging in such behavior in the future.

Accordingly, it is now

**ORDERED:**

1. Defendants' motion to dismiss with prejudice (Doc. 107) is **GRANTED in part** to the extent the case is **dismissed without prejudice** for Plaintiff's abuse of the judicial process.

2. The **Clerk** is directed to enter judgment, terminate any pending motions, and close the case.

3. If Plaintiff chooses to initiate another case based upon the same or similar facts/issues, he is **precluded** from proceeding in forma pauperis. If Plaintiff initiates another case based upon the same or similar facts/issues, he must provide a copy of this Order with his complaint, and he must pay the full $400 filing fee.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of October 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6

c:  Allen Pullen
    Counsel of Record

13